**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed November 21, 2019.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-19-00917-CR**

**IN RE ADAM BRUMLEY, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Criminal Court at Law No. 11**
**Harris County, Texas**
**Trial Court Cause No. 1979912**

## MEMORANDUM OPINION

On November 15, 2019, relator Adam Brumley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator complains that the Harris County District Clerk has not responded to his request to provide him with the documents he needs to sign to plead

guilty for time served for burglary of vehicle without having to be bench warranted to back to Harris County.

This court's mandamus jurisdiction is governed by section 22.221 of the Texas Government Code. A court of appeals may issue writs of mandamus against (1) a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district; or (3) an associate judge of a district or county court appointed by a judge under Chapter 201 of the Texas Family Code in the court of appeals district for the judge who appointed the associate judge. Tex. Gov't Code Ann. § 22.221(b). The courts of appeals also may issue all writs necessary to enforce the court of appeals' jurisdiction. *Id.* § 22.221(a).

The Harris County District Clerk is not among the parties specified in section 22.221(b). Moreover, relator has not shown that the issuance of a writ compelling the requested relief is necessary to enforce our appellate jurisdiction. *See id.* § 22.221(a). Therefore, we lack jurisdiction to issue a writ of mandamus against the Harris County District Clerk.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Zimmerer, Spain, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

2